Filed 3/14/23  P. v. Tovar CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESUS TOVAR,<br><br>    Defendant and Appellant. | F082662, F082663<br><br>(Super. Ct. Nos. CR-18-006499, CR-18-001361)<br><br><br>**OPINION** |

-ooOoo-

<u>**THE COURT**</u>*

APPEAL from judgments of the Superior Court of Stanislaus County.  Shawn D. Bessey, Judge.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and R. Todd Marshal, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P. J., Levy, J. and Peña, J.

Defendant Jesus Tovar pled no contest to three offenses and admitted a firearm enhancement and a prior "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)),[1] pursuant to a negotiated plea agreement that globally resolved five criminal cases. The plea agreement included a stipulated upper term on one of the counts of conviction. On appeal, defendant contends that his sentence must be vacated and his case remanded for resentencing in light of Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to section 1170, subdivision (b). The People disagree. We affirm.

## PROCEDURAL SUMMARY

On July 16, 2019, the Stanislaus County District Attorney filed a "unitary" information in Stanislaus Superior Court case Nos. CR-18-006499 and 4005615, charging defendant with evading a police officer (Veh. Code, § 2800.2, subd. (a); count 1), two counts of unlawfully taking and driving of a vehicle (Veh. Code,[2] § 10851, subd. (a)(1); counts 2 & 4), and two counts of receiving a stolen vehicle (§ 496d, subd. (a); counts 3 & 5). As to counts 3 and 5, the information further alleged that the value of the vehicles exceeded $950. As to all counts, the information further alleged that defendant had suffered a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) which also qualified as a serious felony conviction (§ 667, subd. (a)(1)), had served two prior prison terms (§ 667.5, former subd. (b)), and had been released on bail or his own recognizance at the time he committed the charged offenses (§ 12022.1).

On July 23, 2019, the Stanislaus County District Attorney filed an information in Stanislaus Superior Court case No. CR-18-001361, charging defendant with two counts of robbery (§ 211; counts 1 & 4), three counts of possession of a firearm by a felon

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     The information erroneously alleged the offense as a violation of the Penal Code rather than the Vehicle Code.

2.

(§ 29800, subd. (a)(1); counts 2, 5, & 10), assault with a firearm (§ 245, subd. (a)(2); count 3), unlawful taking and driving of a vehicle (Veh. Code, § 10851, subd. (a); count 6), receiving a stolen vehicle (§ 496d, subd. (a); count 7), misdemeanor resisting a peace officer (§ 148, subd. (a)(1); counts 8 & 13), misdemeanor possession of burglary tools (§ 466; count 9), possession of ammunition by a felon (§ 30305, subd. (a)(1); count 11), and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 12). As to count 1, the information further alleged that defendant personally used a firearm in the commission of the offense (§ 12022.53, subd. (b)). As to count 3, the information further alleged that defendant personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)). As to count 4, the information alleged that defendant personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)). As to counts 6 and 7, the information alleged the value of the vehicle exceeded $950. As to counts 1 through 7, 10, and 11, the information further alleged that defendant had suffered a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), had served two prior prison terms (§ 667.5, former subd. (b)), and had been released on bail or his own recognizance in two other criminal matters at the time he committed the charged offenses (§ 12022.1). As to counts 1, 3, and 4, the information further alleged that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)(1)).

On December 17, 2019, pursuant to a negotiated plea agreement, defendant pled no contest to counts 1 and 3 of case No. CR-18-001361 and admitted having previously suffered a strike conviction; and pled no contest to count 4 of the unitary information in case Nos. CR-18-006499 and 4005615, admitted that the value of the property exceeded $950, and admitted having previously suffered a strike conviction.[3] The plea agreement

---

[3]     The court and the parties agreed that case No. 4005615 was "consolidated into" case No. CR-18-006499.

included a stipulated 16-year four-month sentence as follows:  on count 1 of case No. CR-18-001361, 10 years (the upper term of five years, doubled due to the prior strike conviction); on count 3 of case No. CR-18-001361, two years (one-third the middle term of three years (the lower term), doubled due to the prior strike conviction), plus a three-year firearm enhancement, consecutive to count 1; and on count 4 of case Nos. CR-18-006499, 16 months (one-third the middle term of two years, doubled due to the prior strike conviction), consecutive to count 3 of case No. CR-18-001361.  In exchange for his pleas, all remaining counts and allegations were to be dismissed in case Nos. CR-18-001361, CR-18-006499, 405538, and CR-18-004331.  Case Nos. CR-18-001361 and 405538 were dismissed with *Harvey*[4] waivers; the other cases were dismissed without *Harvey* waivers.

On the same date, the trial court imposed the stipulated sentence and the counts and allegations to which defendant did not plead no contest and did not admit were dismissed as agreed.

On July 27, 2020, the trial court received an untimely notice of appeal, dated July 21, 2020.

On October 9, 2020, the trial court received correspondence from the Department of Corrections and Rehabilitation, notifying it of an error in defendant's sentence.

On February 16, 2021, with agreement of the parties, the trial court resentenced defendant to correct the sentencing error.  The only change from the sentence originally imposed was to the firearm enhancement on count 3 of case No. CR-18-001361—the sentence on that enhancement was modified to one year four months (one-third the middle term of four years) rather than the originally imposed three years (the lower term). The aggregate term of imprisonment was therefore reduced to 14 years eight months.

---

[4]      *People v. Harvey* (1979) 25 Cal.3d 754.

On April 1, 2021, defendant filed a notice of appeal in case Nos. CR-18-001361 and CR-18-006499.

## DISCUSSION[5]

### I.  Senate Bill 567

Defendant contends that we must vacate his sentence and remand the matters because he did not admit and a jury did not find true any circumstances in aggravation, nor did the trial court find that circumstances in aggravation of the offense justified a sentence exceeding the middle term as required by section 1170, subdivision (b) as modified by Senate Bill 567.  The People respond that the modifications to section 1170 brought about by Senate Bill 567 are inapplicable in this case because the court had no discretion to impose a sentence other than the stipulated sentence set out in the negotiated plea agreement.  We agree with the People.

#### A.  Additional Background

On December 17, 2019, the date of defendant's original sentencing, the trial court concluded that probation would "be denied based on … defendant's criminal history, the nature of these counts, and the agreed-upon resolution."  It then sentenced defendant to the upper term of five years on count 1 of case No. CR-18-001361.  The trial court did not expressly articulate any circumstances in aggravation or circumstances in mitigation in imposing defendant's sentence.[6]

The trial court did not discuss aggravating circumstances on February 16, 2021, when it resentenced defendant to correct the sentencing error.

---

[5]     Defendant's argument on appeal relates only to sentencing issues.  For that reason, we omit any summary of the facts relating to defendant's offenses of conviction.

[6]     The probation officer prepared no formal presentence report because defendant requested to be sentenced on the same date that he entered his no contest pleas.

### B. Retroactivity

As a threshold matter, Senate Bill 567 is retroactive to cases not yet final on appeal pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (see *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under another ameliorative amendment to section 1170 by Senate Bill 567]), and defendant's sentence is not yet final on appeal. The parties agree that defendant's sentence is not yet final on appeal.

### C. Analysis

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b)(2), such that it now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)[7] On the other hand, section 1192.5, subdivision (b), provides in relevant part, that when a "plea is accepted by the prosecuting attorney in open court and is approved by the court, … the court may not proceed as to the plea other than as specified in the plea." " ' " 'A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.' " ' " (*Stamps* (2020) 9 Cal.5th 685, 701.) While the plea bargain does not divest the trial court of its inherent sentencing discretion, " ' "a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain." ' " (*Ibid.*; see § 1192.5, subdivision (b) [when a "plea is accepted by the prosecuting attorney in open court and is approved by the court, … the court may not proceed as to the plea other than as specified in the plea"].) Thus, when the defendant and the prosecutor agree that a specified

---

**7** A trial court is permitted to rely upon a certified record of conviction to determine prior criminality for purposes of sentencing without submitting the prior conviction to a jury. (§ 1170, subd. (b)(3).)

sentence will be imposed, the court does not exercise discretion within a range of otherwise permissible sentences, but rather imposes the agreed-upon sentence. (See *People v. French* (2008) 43 Cal.4th 36, 49.)

The People contend that section 1170, subdivision (b)(2), applies only when the trial court's discretion is not restrained by a negotiated plea agreement pursuant to section 1192.5. They reason that when a plea agreement stipulates that the upper term be imposed, the court exercises no discretion and may not make the finding required by section 1170, subdivision (b)(2). For that proposition, the People rely on *People v. Brooks* (2020) 58 Cal.App.5th 1099. In *Brooks*, the defendant entered a plea agreement that stipulated a 13-year sentence. (*Id*. at p. 1102.) Brooks petitioned the lower court to be resentenced, pursuant to recently enacted section 1170.91, subdivisions (a) and (b)(1), which, collectively, required the trial court to consider specific mental health problems as circumstances in mitigation when sentencing military veterans and permitted military veterans with such problems to petition for a recall of sentence. (*Brooks*, at pp. 1102–1103; § 1170.91, subds. (a) & (b)(1); see § 1170.91, subd. (a) ["court shall consider the [identified] circumstance as a factor in mitigation when imposing" a term under subdivision (b) of Section 1170"].) The trial court concluded that it had no power to resentence defendant because his plea agreement provided for a stipulated term. (*Brooks*, at p. 1103.) The appellate court affirmed, concluding that section 1170.91 does not "extend[] to sentences based on final convictions by plea agreement specifying a stipulated imprisonment term." (*Brooks*, at p. 1106.) The court explained that there was no "triad sentencing discretion to exercise" because the plea agreement specified the sentence to be imposed and, pursuant to section 1192.5, no other sentence could properly be imposed. (*Brooks*, at p. 1107.)

This court recently considered the same issue presented in this case in *People v. Sallee* (Feb. 15, 2023, F083728) ___ Cal.App.5th ___ [2023 Cal.App.LEXIS 102]. We explained that when a trial court "impose[s] a stipulated sentence pursuant to a negotiated

plea agreement … the court's discretion [is] limited to approving or rejecting the bargain. The court [does] not exercise discretion to select between the lower, middle, or upper term based on any aggravating or mitigating circumstances." (*Sallee*, [p. 10].) "Thus, section 1170, subdivision (b), which governs the court's exercise of discretion with regard to a sentencing triad, does not apply." (*Sallee*, [pp. 10–11].) We further explained that *Brooks* and *People v. King* (2020) 52 Cal.App.5th 783, 791—which also addressed the same section 1170.91 issue as *Brooks*—both support our conclusion. (*Sallee*, [pp. 11–13].) Here, we reach the same conclusion for the same reasons.

For the same reasons articulated in *Sallee*, we conclude in this case the trial court did not exercise triad discretion when it imposed the stipulated sentence set out in the negotiated plea agreement and therefore the amendments to section 1170 brought about by Senate Bill 567 are not applicable in this context. (See *People v. Sallee*, *supra*, ___ Cal.App.5th ___ [2023 Cal.App.LEXIS 102, p. 15].)

## **DISPOSITION**

The judgment is affirmed.